1    **WO**

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

9    Deep Wilcox Oil & Gas LLC, *et al.*,          No. CV-18-00308-PHX-JJT

10                  Plaintiffs,                     **ORDER**

11   v.

12   Texas Energy Acquisitions LP, *et al.*,

13                  Defendants.

At issue is Defendants' Notice of Removal (Doc. 1) filed on January 29, 2018. The Court has reviewed the Notice of Removal and finds that Defendants have not sufficiently alleged that the Court has subject matter jurisdiction over this matter.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of sufficiently alleging subject matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court is obligated to inquire into its subject matter jurisdiction in each case and dismiss a case when subject matter jurisdiction is lacking. *See Valdez*, 372 F.3d at 1116.

Here, Defendants have asserted diversity jurisdiction as the basis for removal. (Notice of Removal ¶ 8.) Diversity jurisdiction exists in actions between citizens of

1  different states where the amount in controversy exceeds $75,000, exclusive of interest
2  and costs. 28 U.S.C. § 1332(a). For the purpose of determining diversity of citizenship,
3  limited liability companies (LLCs) and partnerships, including limited partnerships (LPs),
4  are citizens of every state of which their owners/members are citizens. *Johnson v.*
5  *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Moreover, "[a]
6  limited partnership is a citizen of each state in which its general and limited partners,
7  including general and limited partners who are partners of other partners in [a] multi-
8  tiered structure, hold citizenship." Federal Procedure, Lawyer's Edition § 1:165
9  (Thomson Reuters 2009), *see also Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

10  In their Complaint (Doc. 1-3 at 2)—operative at the time of removal—Plaintiffs
11  alleged that all of the parties in this action—Plaintiffs and Defendants—are either an
12  LLC or an LP. In the Notice of Removal (Doc. 1), Defendants have not identified every
13  state of which the owners/members of each party LLC and LP are citizens. For the Court
14  to determine if it has diversity jurisdiction in this matter, Defendants must allege the state
15  of citizenship of each and every general partner, limited partner, member and owner of
16  every party LP and LLC, including Plaintiffs. For multi-tiered entities, this includes
17  listing the citizenship of each owner and/or member of any LLC or LP that is an owner
18  and/or member of one of the parties.

19  IT IS THEREFORE ORDERED that Defendants shall file an Amended Notice of
20  Removal that complies with the requirements identified in this Order by July 31, 2018.

21  Dated this 20th day of July, 2018.

Honorable John J. Tuchi
United States District Judge

- 2 -