1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deep Wilcox Oil & Gas LLC, *et al.*, | No. CV-18-00308-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Texas Energy Acquisitions LP, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion to Dismiss (Doc. 18, Mot.), to which Plaintiffs filed a Response (Doc. 2, Resp.) and Defendants filed a Reply (Doc. 29, Reply). In this Order, the Court will also address but not fully resolve Plaintiffs' Motions to Amend (Docs. 19, 21). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court will grant in part Defendants' Motion to Dismiss and transfer this case to the Southern District of Texas, Houston Division.

As a threshold matter, the Court addresses Defendants' Amended Notice of Removal (Doc. 32). Defendants removed this case from Arizona state court. (Doc. 1.) In a recent Order (Doc. 31), the Court required Defendants to amend the Notice of Removal to provide further detail as to the citizenship of the limited liability company (LLC) and limited partnership (LP) parties, so the Court could determine if it has diversity jurisdiction over this matter. Upon review, the Court finds that Defendants' allegations in

the Amended Notice of Removal (Doc. 32) are sufficient to demonstrate the Court's subject matter jurisdiction at the time of Defendants' removal of this case.

**I. FACTUAL BACKGROUND**

This case arises out of an oil exploration agreement or agreements, allegedly entered into by Defendants Texas Energy Acquisitions LP (TEA) and "by law" Alta Mesa GP LLC (GP)—both Texas entities—and Plaintiffs Deep Wilcox Oil & Gas LLC (Deep Wilcox) and Hankerson Oil LLC—both Arizona entities. In 2009, TEA, and "by law" GP, sought out Plaintiffs to invest in the exploration and development of TEA's oil well, Herrin Well #1. TEA representatives made a one-time visit to Phoenix, Arizona to attend Plaintiffs' investor meetings and discuss Herrin Well #1 in person. This well is located in Liberty County, Texas. (Doc. 14, First Am. Compl. (FAC) ¶¶ 12–14, 23.) The parties agreed to a working interest ownership in the well for Plaintiffs in exchange for funds and then drafted an Exploration Agreement. (FAC ¶ 17.) Plaintiffs remained in Arizona during the negotiation and drafting period, and Defendants remained in Texas. (FAC ¶ 18.)

The Agreement included both a forum selection and choice of law clause, which required that any disputes between the parties be resolved in accordance with Texas law and take place in Harris County, Texas. (*E.g.*, Mot. Ex. 1, Murrell Decl. Ex. B, Agreement § 14.) The Agreement also required TEA to send notices, updates, distributions, billing statements, and other documents from Texas to Arizona. (FAC ¶ 26.)

After entering into the Exploration Agreement, TEA retained Defendant Alta Mesa Services LP (AMS) to operate the well. (FAC ¶ 29.) TEA learned that the well was not economically viable in 2009 but failed to inform Plaintiffs. (FAC ¶ 32.) Plaintiffs did not learn this fact until July 2016. (FAC ¶ 32.) Defendants also failed to maintain any record of Plaintiffs' working interest in Herrin Well #1. (FAC ¶ 37.)

In the FAC, Plaintiffs allege seven claims, including fraudulent conversion, fraud, fraudulent inducement, violating the Consumer Fraud Act, gross negligence, breach of

the Exploration Agreement, and unjust enrichment. (FAC ¶¶ 41–95.) Defendants have now filed a Motion to Dismiss, arguing that the Court lacks personal jurisdiction over them, that venue is improper, that the *forum non conveniens* doctrine applies, and that Plaintiffs fail to state a claim. (Mot. at 1.) Defendants contend that the Court should transfer the case to the Southern District of Texas, Houston Division. (Mot. at 2.) Plaintiffs subsequently filed an opposed Motion to Amend the Complaint (Doc. 19), and an Amended Opposed Motion to Amend the Complaint (Doc. 21). Because Defendants' request to transfer this case is dispositive, the Court will focus its analysis on that aspect of Defendants' Motion to Dismiss.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *2 (D. Ariz. May 28, 2015) (citation and internal quotation marks omitted). It is the defendant's burden to show transfer is warranted, and "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

District courts employ a two-step analysis when determining whether a transfer is proper. *Airbus DS Optronics*, 2015 WL 3439143, at *2. First, a court considers whether "the case could have been brought in the forum to which the moving party seeks to transfer the case." *Id*. In order to meet this requirement, the court in the proposed transferee district "must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court." *Id*. "Second, a court must consider whether the proposed transferee district is a more suitable choice of

venue based upon the convenience of the parties and witnesses and the interests of justice." *Id*. The Ninth Circuit has set forth factors that a court may consider in making this determination:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.

## III. ANALYSIS

In the Motion to Dismiss, Defendants pose five arguments in support of dismissal: 1) the Court does not have personal jurisdiction over them; 2) the forum selection clause in the Agreement renders venue improper; 3) the doctrine of *forum non conveniens* applies; 4) Plaintiffs failed to comply with Federal Rule of Civil Procedure 12(b)(6); and 5) the entire case should be transferred to the Southern District of Texas, Houston Division.

Of these, the Court will first examine the effect of the forum selection clause on this case, and then the Court will determine whether transfer to the Southern District of Texas, Houston Division is appropriate under 28 U.S.C. § 1404(a).

### A. Forum Selection Clause

In Defendants' Motion to Dismiss, they argue that venue is improper pursuant to Federal Rule of Civil Procedure 12(b)(3) because the Agreement contains a forum selection clause. *See Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005) (holding that enforcement of a forum selection clause is treated as a motion asserting a defense of improper venue under Rule 12(b)(3)).

Forum selection clauses are presumptively valid and enforceable unless 1) "enforcement would be unreasonable and unjust;" 2) the clause is "invalid for such reasons as fraud or overreaching;" or 3) enforcement would contravene a "strong public

policy of the forum in which suit is brought." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–15 (1972). When a forum selection clause is so inconvenient as to deprive a party of its day in court, it is invalid. *Id.* at 18. The party challenging the forum selection clause bears the "'heavy burden' of establishing the existence of . . . grounds for rejecting enforcement." *Jones*, 211 F.3d at 497.

As a threshold matter, with the record before it, the Court cannot resolve precisely who is a party to the Exploration Agreement or Agreements. In the FAC, Plaintiffs allege that both Plaintiffs—Deep Wilcox and Hankerson Oil—entered into the Exploration Agreement with two of the Defendants, TEA and, "by law," GP. (FAC ¶ 20.) Plaintiffs did not attach the Agreement to the FAC, but Defendants provided copies of two Agreements with their Motion to Dismiss. The first purports to be between Deep Wilcox and TEA, but it is not signed by a representative of TEA, and Mr. Hankerson signed as "[manager]" on behalf of Deep Wilcox. (Murrell Decl. Ex. A, Agreement at 12.) The second is between Hankerson Oil and TEA and is signed on behalf of both entities. (Murrell Decl. Ex. B, Agreement at 12.) In their Response to Defendants' Motion to Dismiss, Plaintiffs argue that Deep Wilcox "is not bound by the choice of law and venue provisions in the Exploration Agreement" because "Defendants did not sign and execute both the Exploration Agreement and [Joint Operating Agreement] with Deep Wilcox." (Resp. at 12.) The parties do not dispute that, at minimum, the choice of law and forum selection clause applies to Hankerson Oil's claims is this lawsuit.

The Agreement states that any disputes arising thereunder must be resolved in Harris County, Texas. (Murrell Decl. Ex. B § 14.) Citing *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004), Hankerson Oil argues that transferring the case would deprive it of its day in court because Mr. Hankerson, its principal, is unable to travel due to health concerns. (Resp. at 5.) The Ninth Circuit held in *Murphy* that a forum selection clause deprived a plaintiff of his day in court because he was be unable to appear in a different state due to health concerns. *Murphy*, 362 F.3d at 1142.

Here, Mr. Hankerson is not the plaintiff; he is Plaintiffs' witness as Hankerson Oil manager. *See Lien Ho Hsing Steel Enter. Co. v. Weihtag*, 738 F.3d 1455, 1462 (9th Cir. 1984) (finding that it is not unreasonable to enforce a forum selection clause even though a forum is inconvenient for witnesses). In addition, Mr. Hankerson's inability to travel will not effectively deprive Hankerson Oil of its day in court. The parties can document his testimony or examine him via video conference during trial.[1] Hankerson Oil has thus not demonstrated that it would be deprived of its day in court if the Court enforces the forum selection clause. Given the lack of any compelling reason to invalidate the forum selection clause, the Court will enforce it and transfer at least Hankerson Oil's claims to the Southern District of Texas, Houston Division, as Defendants request.

**B.    Transfer of Venue Under 28 U.S.C. § 1404(a)**

The parties do not dispute that this case could have been brought in the Southern District of Texas. The following factors are relevant to the Court's transfer analysis. *See Jones*, 211 F.3d at 488–89.

**1.    Location of Agreement Negotiation and Execution**

The parties negotiated their Agreement electronically, and each party negotiated from its respective office in Arizona or Texas. More importantly, however, the crux of Plaintiffs' Complaint concerns acts by Defendants in Texas, and the Agreement's place of intended performance was also Texas. While the harm caused by the alleged failure to execute the Agreement may have been felt in Arizona, the Court finds this factor weighs slightly in favor of transfer.

**2.    State Most Familiar With Governing Law**

This case involves state law claims. Plaintiffs argue that because they allege Arizona state law claims, this factor weighs against transfer.[2] (Resp. at 15.) To begin

---

[1] Defendants indicated in their Reply that they are willing to make reasonable accommodations to preserve Mr. Hankerson's testimony. (Reply n.7.)

[2] Plaintiffs also argue that venue is proper under A.R.S. § 12-401. (Resp. at 11.) Section 12-401, however, is a state statute indicating where plaintiffs should bring state court cases. This argument thus lacks merit in the context of a federal court action.

with, the Exploration Agreement's choice of law provision applies at least to Hankerson Oil's claims, and that provision states that Texas law applies. Even if Arizona law applies to any of Plaintiffs' claims, district courts routinely apply the laws of states other than the forum state, so it would not be unduly burdensome on the Southern District of Texas to handle any remaining Arizona law claims. *See Vuori v. Grasshopper Capital, LLC*, No. 17-cv-06362-JCS, 2108 WL at *66 (D. Ariz. Feb. 22, 2018) ("[F]ederal courts are deemed capable of applying the substantive law of other states."). Thus, the Court finds this factor slightly favors transfer.

### 3. Plaintiffs' Choice of Forum

Plaintiffs' choice of forum is generally accorded great weight. *Dirty World LLC v. College Envy LLC*, No. CV-15-01152-JJT, 2015 WL 11118112 at *9 (D. Ariz. Nov. 9, 2015). Plaintiffs brought this suit in Arizona, are Arizona companies, and have a connection to Arizona. This factor weighs against transfer.

### 4. Respective Parties' Contacts With the Forum

The parties disagree as to whether Defendants have enough contacts with Arizona to weigh against transfer. Defendants traveled to Arizona once, were party to a contract with Arizona companies, and sent bills, notices, and other documents to Plaintiffs in Arizona. Similarly, Plaintiffs apparently have no contacts with Texas outside of the Agreement. They have no offices in Texas and conduct no other business in Texas; they only have a contract with a Texas company, which was also performed in Texas. The Court finds that the parties only have extensive contacts with their respective states. Thus, the Court finds this factor neutral.

### 5. Parties' Contacts Related to the Causes of Action

As previously stated, Defendants' only contacts with Arizona include contracting with an Arizona company, visiting Arizona once pursuant to said contract, and sending bills and other documents into Arizona. Plaintiffs entered into contracts with a Texas company that were performed in Texas and sent payments to Defendants in Texas more

than once, but they felt the harms alleged in the Complaint in Arizona. Thus, the Court finds this factor neutral.

### 6. **Differences in the Cost of Litigation**

Defendants argue that because most of the evidence and witnesses in this case are in Texas, it would be costly to bring evidence and compel witnesses to appear in Arizona.[3] (Mot. at 12.) A court will not transfer venue when the transfer will "merely shift inconvenience from one party to the other." *Holder Co. v. Main St. Distrib.*, No. CV-86-1285-PHX-RCB, 1987 WL 14339 at *8 (D. Ariz. Jan. 16, 1987). But here, because the crux of Plaintiffs' claims is the performance or non-performance of the Agreement terms in Texas and most of the evidence is in Texas, litigation costs will be less in Texas than in Arizona. The Court finds this factor slightly favors transfer.

### 7. **Availability of Compulsory Process**

Defendants argue that it will be difficult to compel witnesses in Texas to appear in Arizona. (Resp. at 12.) Courts should evaluate the "materiality and importance" of anticipated testimony by witnesses and "determine their accessibility and convenience to the forum." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137-1146 (9th Cir. 2001). It appears that many non-party witnesses likely reside in Texas. Arizona may be unable to compel those witnesses to appear in court. *See F.T.C. v. Wright*, No. 2:13-CV-2215-HRH, 2014 WL 1385111 at *4 (D. Ariz. Apr. 9, 2014) ("[W]hen, as here, most of the non-party witnesses would be outside the court's subpoena power, a transfer is a better solution because it will result in less cost and more live testimony."). This factor weighs in favor of transfer.

### 8. **Ease of Access to Sources of Proof**

The core issue in this case revolves around Herrin Well #1, which is in Texas. *See Lueck*, 236 F.3d at 1146 ("[C]ourts should weigh the materiality and importance of

---

[3] Defendants also argue that transfer is proper because there is a substantially similar case pending in the Southern District of Texas. (Mot. at 11.) The case Defendants mention was filed after this case, so the Court does not find this argument persuasive. *See Realty Execs. Int'l Servs. LLC v. Brokers Holdings LLC*, No. CV-17-00213-PHX-JJT, 2107 WL 1407676 at *8–9 (D. Ariz. Apr. 19, 2017) (finding that a similar case in another forum favors transfer when said case was filed first).

- 8 -

anticipated evidence" in the transfer analysis). Herrin Well #1 is one of the most important pieces of evidence, but it is not available if the case goes forward in Arizona. While other evidence is mobile, the well and all the evidence within it are inaccessible in Arizona. Because Herrin Well #1 could play a major role in this case, the Court finds this factor weighs in favor of transfer.

## IV. CONCLUSION

In balancing the factors, the Court finds five factors weigh in favor of transfer, two are neutral, and one weighs against transfer. In sum, Defendants have demonstrated that transfer is appropriate in this case, not only because the Court must enforce the forum selection clause, but also because transfer is in the interests of justice and convenience.

Therefore, the Court need not address whether it has personal jurisdiction over Defendants. The Court also declines to address Defendants' Rule 12(b)(6) Motion to Dismiss (contained in Doc. 18) or Plaintiffs' Motion to Amend (Doc. 21.) The Court will, however, deny as moot Plaintiffs' earlier filed Motion to Amend (Doc. 19), because it was superseded by a later Motion to Amend (Doc. 21.)

IT IS THEREFORE ORDERED granting in part Defendants' Motion to Dismiss. (Doc. 18.)

IT IS FURTHER ORDERED directing the Clerk of Court to transfer this action to the U.S. District Court for Southern District of Texas, Houston Division, as expeditiously as is practicable.

IT IS FURTHER ORDERED denying as moot Plaintiffs' Motion to Amend. (Doc. 19.)

Dated this 1st day of August, 2018.

Honorable John J. Tuchi
United States District Judge